1

2                          UNITED STATES DISTRICT COURT

3                         NORTHERN DISTRICT OF CALIFORNIA

4

5    STEPHEN SZE KIT MA,

6              Plaintiff,                    Case No.  15-cv-03709-PJH

7         v.
                                             **ORDER DENYING APPLICATION FOR**
8    JOHN MARTINEZ, et al.,                   **TEMPORARY RESTRAINING ORDER**

9              Defendants.

10

11

12         Plaintiff's application for a temporary restraining order came on for hearing before

13   this court on August 17, 2015.  Plaintiff Stephen Sze Kit Ma appeared by his counsel

14   Anthony J. Palik, and defendants Jeh Johnson, Sarah Saldaña, Thomas D. Holman,

15   Timothy S. Aitken, and John Martinez appeared by their counsel Assistant United States

16   Attorney Robin Wall.  Having read the papers submitted by plaintiff and carefully

17   considered the arguments presented at the hearing and the relevant legal authority, the

18   court hereby DENIES the application as follows for the reasons stated at the hearing.

19         Requests for temporary restraining orders are governed by the same general

20   standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle

21   Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v.

22   John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  An injunction is a

23   matter of equitable discretion and is "an extraordinary remedy that may only be awarded

24   upon a clear showing that the plaintiff is entitled to such relief."  Winter v. Natural

25   Resources Defense Council, Inc., 555 U.S. 7, 22 (2008); see also Munaf v. Geren, 553

26   U.S. 674, 689-90 (2008).

27         A plaintiff seeking a preliminary injunction must establish that he is likely to

28   succeed on the merits, that he is likely to suffer irreparable harm in the absence of

United States District Court
Northern District of California

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter, 555 U.S. at 20. Alternatively, the plaintiff may demonstrate that the likelihood of success is such that "serious questions going to the merits were raised and that the balance of hardships tips sharply in the plaintiff's favor," so long as the other two elements of the Winter test are met. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Here, plaintiff seeks an order enjoining defendants "from taking any further action to remove plaintiff" from the United States. Plaintiff concedes removability, but argues that the manner in which defendants plan on executing the order of removal violates his rights under the Due Process Clause of the Fifth Amendment to the United States Constitution. At the hearing, plaintiff's counsel indicated that plaintiff's objection was based on his belief that defendants plan on putting him on a commercial flight to China unaccompanied and without medical monitoring, rather than accompanying him to China on a charter flight and delivering him to Chinese authorities directly; and on his belief that defendants had failed to obtain a "travel certificate" from Chinese authorities pursuant to which he would be admitted into China.

Plaintiff has not shown a likelihood of success as to either of these claims, or a likelihood of irreparable harm, as he admits that neither of these procedures is required by law. Moreover, Mr. Wall represented on behalf of the defendants that it is the practice, when an alien who is an aggravated felon is being returned to his country under an order of removal, for agents of the United States to accompany him to his destination and to deliver him to the foreign customs officials. As for the issue of the government's alleged inability to obtain a "travel certificate," the evidence shows that plaintiff currently has a valid Chinese passport, which is the only "travel certificate" required, and that the passport had not yet been issued when the government previously requested a travel certificate from Chinese authorities. In addition, the fact that a commercial rather than a charter flight is contemplated is of no significance given that commercial flights are routinely used when the person being removed is not considered dangerous.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

The parties shall meet and confer regarding whether plaintiff will file a motion for preliminary injunction and a briefing schedule for said motion.  This matter will otherwise proceed in accordance with the Initial Case Management Scheduling Order to be issued forthwith by the court.

**IT IS SO ORDERED.**

Dated:  August 18, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge